IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01620-WYD-MEH

LANI J. NARDUCCI,

      Plaintiff,

v.

COMPUTER SCIENCES CORPORATION,

      Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to comply with a Court order to appear for a Status Conference November 23, 2011, failure to comply with a court order requiring Plaintiff to file a written "return of service" demonstrating service on Defendant, and apparent failure to serve Defendant within the time mandated by Fed. R. Civ. P. 4(m). The Court recommends that, for the reasons stated herein, this case be **dismissed with prejudice**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Plaintiff filed this action proceeding *pro se* on June 21, 2011. On June 28, 2011, the Court set a scheduling conference in this case for September 7, 2011. Docket #3. On September 2, 2011, Plaintiff filed a motion to continue the scheduling conference requesting "sufficient time to more fully recover from [a] physical injury," but providing no information concerning the injury or the date on which it occurred, nor suggesting any date to which the conference should be continued. *See* docket #4. This Court granted the motion in part and scheduled a status conference for September 13, 2011 at which the Plaintiff was granted permission to appear by telephone. Docket #6. The Plaintiff did not appear. Docket #7.

Consequently, the Court issued an order directing the Plaintiff to show cause why the Court should not sanction her for her failure to appear. Docket #8. On September 29, 2011, the Plaintiff filed a response to the order seeking to be excused due to lack of counsel and requesting that the Court set a date for the conference in November. Docket #9. On October 3, 2011, the Court discharged the order to show cause, ordered that the Plaintiff file a written "return of service" on or before October 17, 2011 demonstrating service of the summons and complaint upon the Defendant, and resetting the Scheduling Conference to November 16, 2011. Docket #10.

On November 7, 2011, recognizing that Plaintiff failed to file a written "return of service" on or before October 17, 2011 and that there had been no appearance by the Defendant,[2] the Court vacated the November 16, 2011 scheduling conference and set another status conference for November 23, 2011 at which the Plaintiff was ordered to be prepared to explain her failure to

---

[2] In addition, there is no indication in the record demonstrating that a meeting has occurred pursuant to Fed. R. Civ. P. 26(f) or that a proposed scheduling order has been prepared.

comply with the October 3, 2011 order. Docket #11. Plaintiff did not appear at the November 23, 2011 conference nor did she file any request seeking relief from appearing.

## DISCUSSION

Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence. By order of this Court, Plaintiff was required to file a written "return of service" demonstrating service of the summons and complaint upon the Defendant on or before October 17, 2011. As noted previously, the Plaintiff filed no return and no request for an extension of time in which to file a return. Furthermore, the Plaintiff failed to comply with this Court's order to appear at a status conference at which she should be prepared to explain her failure to comply with the previous order. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Pursuant to Fed. R. Civ. P. 4(m), a court must dismiss an action without prejudice if a defendant is not served within 120 days after the complaint is filed or the court may order that service be made at a specified time. Here, the Court ordered that the Plaintiff file a written return on or before October 17, 2011 demonstrating that service was made upon Defendant. The Plaintiff filed no such return and there is no indication that the Defendant has been served. The deadline in this case for the Plaintiff to serve Defendant pursuant to Rule 4(m) is October 19, 2011. Again, there is no indication that Defendant was served by that time or has been served since. As such, on November 7, 2011, this Court ordered Plaintiff to appear at a status conference on November 23, 2011 to "explain her failure to comply with the Court's order [regarding the return of service] and

why this Court should not recommend dismissal of her case pursuant to Fed. R. Civ. P. 4(m) and/or for her failure to prosecute." Docket #11. The Plaintiff did not appear. Accordingly, under Rule 4(m), this matter may be dismissed without prejudice.

However, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the

aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

The first factor does not weigh in the Court's consideration, since there has been nor service on, nor any appearance in this matter by, the Defendant. However, Plaintiff's lack of response to this Court's orders and her failure to participate has interfered with the judicial process in that the Court has been unable to proceed toward resolution in this case. Additionally, the necessity of issuing orders to show cause and setting status conferences requiring the Plaintiff to explain her failures increases the workload of the Court and interferes with the administration of justice.

Furthermore, the Plaintiff has provided no justification for her failures to respond to Court orders and to participate in the litigation; her culpability is evident. Plaintiff was warned in the November 7, 2011 order that the Court would recommend dismissal for her failure to prosecute; yet, she has made no response. Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here. The Plaintiff has essentially abandoned this litigation; thus, no monetary sanction would be practical. The Court concludes that dismissal with prejudice is the appropriate result.

## CONCLUSION

The Plaintiff appears to have abandoned her claims in this matter. She has failed to prosecute the case with due diligence by her failures to comply with a Court order to appear for a Status Conference November 23, 2011, failure to comply with a court order requiring Plaintiff to file a written "return of service" demonstrating service on Defendant, and apparent failure to serve Defendant on a timely basis. For these reasons, dismissal of this action against the Defendant is

warranted.

Based upon the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully RECOMMEND that the District Court dismiss this case with prejudice for Plaintiff's failure to prosecute this action.

Dated this 28th day of November, 2011, in Denver, Colorado.

                              BY THE COURT:

                              *Michael E. Hegarty*

                              Michael E. Hegarty
                              United States Magistrate Judge