IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-01620-WYD-MEH

LANI J. NARDUCCI,

    Plaintiff,

v.

COMPUTER SCIENCES CORPORATION,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on the Recommendation of United States Magistrate Judge issued November 28, 2011.  This Recommendation was issued *sua sponte* by Magistrate Judge Tafoya based on Plaintiff's failure to comply with a court order to appear for a Status Conference on November 23, 2011, failure to comply with a court order requiring Plaintiff to file a written "return of service" demonstrating service on Defendant, and apparent failure to serve Defendant within the time mandated by Fed. R. Civ. P. 4(m).  (Recommendation at 1.)  Based on Plaintiff's failure to prosecute the case as detailed in the Recommendation, Magistrate Judge Tafoya recommends that the case be dismissed with prejudice.  (*Id.*)

    Magistrate Judge Tafoya advised the parties that written objections to the Recommendation were due fourteen (14) days after service of the Recommendation, and that a party's failure to file written objection may bar the party from a de novo

determination by the District Judge of the proposed findings and recommendations. (Recommendation at 1 n. 1).  She further advised that "the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court." *Id.* Despite this advisement, Plaintiff failed to file any objections to the Recommendation.

No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  As Magistrate Judge Tafoya correctly noted, Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. (Recommendation at 4.)  Further, she correctly noted that Rule 41(b) has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

procedure or the court's orders. (*Id.*) Such a dismissal of the case may be either with or without prejudice. While dismissal with prejudice is a more severe sanction (*id.*), Magistrate Judge Tafoya analyzed the appropriate factors in determining what sanction should be imposed for Plaintiff's failure to prosecute as out in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). (*Id.* at 4-5.) I find no clear error in her decision that the case should be dismissed with prejudice. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated November 28, 2011 (ECF No. 13) is **AFFIRMED AND ADOPTED**, and this case is **DISMISSED WITH PREJUDICE**.

Dated: January 4, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge